

# The Attorney General of Texas

November 20, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Ms. Deborah Jo Meadors
Robertson County Auditor
P. O. Box 646
Franklin, Texas    77856

Opinion No. JM-383

Re: Whether county funds must b
deposited in a designated count
depository

Dear Ms. Meadors:

Pursuant to your limited authority to request opinions, you as
two questions in regard to the depositories for county funds i
Robertson County. You inform us that at the present time, the count
has selected, through the "bid" process, a county depository for th
next two years. We assume that this "bid" process is the procedur
outlined in articles 2545 and 2546, V.T.C.S. You also inform us tha
all of the county funds with the exception of the "Road and Bridg
Precinct Fund" have been deposited in the bank designated as th
county depository.

You further indicate that this "Road and Bridge Precinct Fund
was initially deposited in the designated depository bank when th
taxes were collected by the tax collector for that purpose. However
these funds were subsequently transferred to one of four banks locate
in each of the four county precincts. We understand that warrants ar
drawn on these four accounts located in the various banks and ar
signed both by the county auditor and the treasurer. You first as
whether this depository system is in compliance with state law. W
conclude that the system is contrary to the system prescribed by th
legislature in articles 2544-2549, V.T.C.S.

As a preliminary matter, the Robertson County commissioners cour
has only the powers conferred either expressly or by necessar
implication by the constitution and statutes of this state. See Tex
Const. art. V, §18; Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex
1948). The legislature has required a county commissioners court t
follow a prescribed procedure in exercising its duty to safeguar
county funds. See V.T.C.S. arts. 2544-2549. A commissioners court i
authorized to enter into a contract with any bank in the county as
depository of county funds, after giving public notice that suc
contract is made. See V.T.C.S. art. 2544. More than one count
depository may be selected. See V.T.C.S. art. 2546.

Article 2549(a), V.T.C.S., provides:

> (a)  As soon as said bond be given and approved by the Commissioners Court, an order shall be made and entered upon the minutes of said Court designating such banking corporation, association or individual banker, as a depository for the funds of said county until sixty (60) days after the time fixed for the next selection of a depository; and thereupon, it shall be the duty of the county treasurer of said county immediately upon the making of such order, to transfer to said depository all the funds belonging to said county . . . and immediately upon receipt of any money thereafter, to deposit the same with said depository to the credit of said county. . . . It shall also be the duty of the tax collector of such county to deposit all taxes collected by him, or under his authority, for the State and such County . . . in such depository or depositories, as soon as collected. . . . (Emphasis added).

Thus, all county funds are to be deposited in the county depository for the prescribed period of time. The only exception to this requirement is found in article 2549(c), V.T.C.S., which provides in part:

> (c)  Unless expressly prohibited by law or unless it is in contravention of any depository contract between a county and any depository bank, the Commissioners Court may direct the county treasurer to:
>
> (1)  withdraw any amount of funds of the county that are deposited in a county depository and that are not required immediately to pay obligations of the county or required to be kept on deposit under the terms of the depository contract; and
>
> (2)  invest those funds in direct debt securities of the United States.

Consequently, the present depository system in Robertson County is prohibited by this provision.

As indicated above, the road and bridge fund is presently located in four banks that have not been designated as county depositories. The "road and bridge" fund is one of three statutory funds which are

to be deposited by the treasurer into the county depository. See V.T.C.S. art. 1628; see also Attorney General Opinion H-1185 (1978). In Attorney General Opinion M-33 (1967) it was held:

> The purpose of the procedures prescribed by the statutes relating to the selection of a county depository is to secure to the county a safe, responsible depository for its funds with a return of interest for use thereof. . . .

There is no indication that the commissioners court has required the additional four banks to comply with any of the bonding requirements specified in article 2547, V.T.C.S. Thus, the funds deposited are unprotected by the procedure. In addition, there is also no indication that these four banks have submitted applications to be considered as a proper county depository. Accordingly, we conclude that the present depository system is contrary to the intent and purpose of articles 2544 through 2549, V.T.C.S.

You also ask whether it is permissible to leave these road and bridge funds in the four banks until such time as you are to select your county depository. We think not. As indicated above, article 2549 requires that these funds be deposited in the county depository until "60 days after the time fixed for the next selection of a depository." See V.T.C.S. art. 2549. See also Attorney General Opinion O-3837 (1941) (bank selected remains the county depository during the terms of the contract).

### S U M M A R Y

> A county commissioners' court is not authorized to deposit funds in banks which have not been designated as the county depository in compliance with articles 2544 through 2549, V.T.C.S. Article 2549 requires county officials to deposit all county funds in the designated county depository.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk